WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| v. | ) CR 10-908 TUC DCB (GEE) |
| | ) **O R D E R** |
| Mario Humberto Varela, et al., | ) |
| Defendants, | ) |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) , (doc. 65), as the findings of fact and conclusions of law of this Court and denies Defendant Varela's Motion to Suppress Evidence, (doc. 29), and denies the Motion for Disclosure; Motion to Strike, (doc. 62).

## MAGISTRATE JUDGE'S RECOMMENDATION

On February 17, 2011, Magistrate Judge Glenda E. Edmonds issued a R&R in regard to Defendant's Motion to Suppress Evidence due to violations of his Fourth Amendment Rights. Magistrate Judge Edmonds found that while the Defendant lacks standing to challenge the search of the vehicle he was driving, he may challenge the stop and seizure as fruit of the poisonous tree.  She further found that there were facts, when taken in their totality and in combination with the agent's observation of bundles in the back of the vehicle that were wrapped with brown packing tape and partially obscured by a piece of carpet, that created a reasonable suspicion the Defendant had marijuana in the vehicle. The Magistrate Judge found there was reasonable suspicion for the stop and recommends that the Court deny the Motion to Suppress the evidence.

STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Government's Response, and the parties' briefs considered by the Magistrate Judge on the Motion to Suppress in respect to the objections.

OBJECTIONS

The only objection to Judge Edmond's R&R was filed by Defendant. He objects to her conclusion that he had no privacy interest in the vehicle upon which to base a challenge to the warrantless search. He argues that the Magistrate Judge disregarded important factors

1 as being wholly irrelevant to the reasonable suspicion assessment, and she failed to explain
2 how she weighed the various factors beyond finding the agent's testimony to be credible.
3 He objects to the credibility determination.  He argues that the evidence reflects that the
4 marijuana bricks were not visible at all and, therefore, the agent could not have seen them.

## REVIEW: DISCUSSION

The Court adopts the Magistrate Judge's conclusion that there was insufficient evidence to establish a legitimate expectation of privacy in the vehicle being driven by the Defendant because he was neither the owner nor was there any evidence that he had permission from the owner to be in possession of the vehicle. The case, *United States v. Perez*, 689 F.2d 1336, 1338 (9th Cir. 1982), relied on in the Objection as the "coconspirator exception" to the "general [] rule against contesting the violation of another person's fourth amendment rights," hinges on there being a "formal" arrangement for joint control. *United States v. Taketa*, 923 F.2d 665, 671 (9th Cir. 1991).  Defendant failed to present any evidence to suggest there was an agreement of any sort for him to have possession of the vehicle.. The Court agrees with the Magistrate Judge, that "[] while Varela may not challenge the search of the vehicle directly, he may challenge the vehicle stop and argue that evidence found in the vehicle should be suppressed as the fruit of that unlawful detention."  (R&R at 6 (citing *United States v. Colin*, 314 F.3d 439, 442-443 ((th Cir. 2002)).

The Magistrate Judge found that even discounting the factors challenged by the Defendant, which are the ones challenged again in the Objection, there are enough factors remaining to constitute reasonable suspicion.  The Court agrees, and by way of explanation to the Defendant, notes that the orange hunting caps were suspicious because it was not hunting season.  In this case, it was suspicious that the Defendant failed to acknowledge the agent because the Defendant was driving very slowly on an isolated dirt road and passed directly in front of the agent.  (R&R at 3.)

The Magistrate Judge provided a clear and precise assessment of the factors she considered, as follows:

> In this case, the Jeep was stopped in a remote area, frequented by drug
> smugglers, 15 miles from the border in an area where sensor activity was

- 3 -

>present. The Jeep was preceded by a Chevy Blazer known to the agent to be associated with past drug smuggling activity. The driver of the Blazer tried to persuade the agent to abandon his post and search for smugglers east of his position.
>
>Fifteen minutes later, the Jeep arrived at the agent's position. The agent noticed the driver and passenger were wearing orange hunter caps although it was no longer hunting season. The two men did not acknowledge the presence of the agent though they passed within 2 feet of his position driving only five miles per hour. Finally, the agent saw in the cargo area, partially concealed by a blue carpet, brown parcels he recognized as marijuana bricks.

The Defendant challenges the Magistrate Judge's conclusion that the agent saw the marijuana bundles because, contrary to her findings, the photographs establish that he could not have seen them from his vantage point.  Defendant challenges the Magistrate Judge's finding that the agent was credible because he told three versions of the story: 1) his initial report, 2) his supplemental report, and his testimony at the hearing.

The Court has reviewed the photographs and finds that Exhibit 1 and 4 support the Magistrate Judge's findings that from the higher vantage point of the agent's vehicle he could have seen that large bundles were protruding from under the carpet, which was concealing almost the entire back of the Jeep's cargo area.  The Court finds that the initial report, the supplemental report, and the agent's testimony at the hearing each contained additional details, but were not "embellished" so as to be substantively different.

The Court has reviewed the applicable legal standards and concludes that it is appropriate to adopt the Findings and Recommendations in full.

## CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Motion to Suppress and Motion for Disclosure; Motion to Strike.  The Court adopts it, and for the reasons stated in the R&R, the Court denies both.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's R&R is accepted and adopted as the findings of fact and conclusions of law of this Court.

1    **IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 29)
2  is DENIED.
3    **IT IS FURTHER ORDERED** that the Motion for Disclosure; Motion to Strike
4  (doc. 62) is DENIED.
5    **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge
6  Glenda E. Edmonds for all pretrial proceedings and Report and Recommendation in
7  accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the
8  United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.
9    DATED this 7th day of April, 2011.

David C. Bury
United States District Judge